# EXHIBIT B

## ASSIGNMENT AGREEMENT

This Assignment Agreement is entered into as of this 11 day of October 2019, but effective as of February 1, 2019 by and among: (i) CPA 18 INTEGRAS GH INVESTOR LIMITED (the "Concessionaire"); and (ii) ACE AMERICAN INSURANCE COMPANY ("Chubb") (together, the "Parties").

WHEREAS, Chubb issued a corporate country risk insurance contract, Policy No. N11222596 (the "Policy"), to CPA 18 INTEGRAS JV (DE) LLC ("Insured");

WHEREAS, the Policy insures a Second Amended and Restated Concession Agreement dated September 18, 2015 (the "Concession Agreement") between the University of Ghana (the "University" or the "Counterparty") and the Concessionaire;

WHEREAS the Insured is the sole shareholder in the Concessionaire;

WHEREAS, Chubb and the Insured have entered into a Settlement and Release Agreement (the "Settlement Agreement") resolving, compromising and settling all of their differences and disputes, including any and all claims or potential claims arising out of or relating to the Policy that either have been made, could have been made, or could be made in the future arising out of an alleged arbitration award default under the terms and conditions of the Policy (the "Insurance Claim"), specifically, an alleged "failure and/or refusal of the Counterparty" to pay a Termination Value Award in the total amount of $165,765,753.00 arising pursuant to the Concession Agreement and dated August 1, 2018 (the "Award");

WHEREAS, in accordance with the Settlement Agreement, Chubb has paid to the Insured a certain sum (the "Settlement Payment"), and the Insured has received and accepted the Settlement Payment, in full and final settlement of the Insurance Claim under the Policy in respect of the Award;

WHEREAS, in furtherance of the terms and conditions of the Settlement Agreement, the Concessionaire and Chubb agree that the Concessionaire shall assign to Chubb all of the Concessionaire's rights, title, interest and benefits in, to and under all of the Concessionaire's rights of recovery against any person or organization, including, without limitation, the University, in respect of the Award and all of the Concessionaire's rights, title and interest in, and rights to receive, any and all amounts outstanding under the Award, with immediate effect, on an as-is basis; and

WHEREAS, the Concessionaire's rights and interests in the amount of US$4,272,077 paid by the University into an escrow account (Barclays Bank Account No. 064/1317519) in the name of the Concessionaire pursuant to the Concession Agreement (the "Deposit") are not among the rights and interests assigned by, and are expressly excluded from, this Assignment Agreement;

NOW, THEREFORE, in consideration of the premises and of the mutual agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Assignment.** The Concessionaire hereby unconditionally, irrevocably and absolutely assigns to Chubb on an as-is basis without warranty or representation all of the Concessionaire's rights, title, interest and benefits (always excluding the Deposit) in, to and under:

 (i) all of the Concessionaire's rights of recovery against any person or organization, including, without limitation, the University, in respect of the Award (always excluding the Deposit); and

2

(ii) all of the Concessionaire's rights, title and interest in, and rights to receive, any and all amounts outstanding under the Award, with immediate effect, (always excluding the Deposit).

2. **No Waiver of Chubb's Rights.** Except as expressly set forth herein, nothing in this Assignment Agreement shall constitute, or is intended to constitute, a waiver or release of, or otherwise impact Chubb's rights, remedies or defenses under the Policy, the Settlement Agreement, or otherwise.

3. **Entire Agreement.** This Assignment Agreement sets forth the entire agreement between the Parties, no provision of which may be changed, waived, terminated or discharged orally, but only by an instrument in writing signed by its Parties.

4. **Effect of Invalidity.** Should any provision of this Assignment Agreement be declared or be determined by any court or other authority to be illegal, invalid, void, or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and any said illegal, unenforceable, void or invalid part, term or provision shall not be deemed a part of this Agreement.

5. **Binding Upon Successors.** This Assignment Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, executors, administrators and other legal representatives. This Assignment Agreement likewise shall be binding upon and inure to the benefit of the Parties' officers, directors, employees, attorneys, agents and insurers. This Assignment Agreement is not subject to revocation, repudiation or withdrawal of consent.

6. **Governing Law.** This Assignment Agreement in all respects shall be interpreted, enforced, and governed under the laws of the State of New York, without regard to any principles of conflicts of law that would require the application of the law of another jurisdiction.

7. **Dispute Resolution.** The Parties agree that any dispute or controversy arising out of or relating to this Assignment Agreement which cannot be resolved by the Parties shall be exclusively subject to the jurisdiction of the United States District Court for the Southern District of New York. The Parties also agree to waive their respective rights to a jury, and any dispute or controversy arising out of or relating to this Assignment Agreement which cannot be resolved by the Parties will be resolved by the Court.

8. **Counterparts.** This Assignment Agreement may be executed in one or more counterparts, but all of the counterparts shall constitute one agreement. This Assignment Agreement shall be effective when executed by all of the Parties.

9. **Signatory Authority.** Those persons executing this Assignment Agreement expressly warrant that they are authorized to enter into this Assignment Agreement on behalf of the entity or entities for which they are signing and that they are actually vested with all legal authority and power required for such execution.

10. **Facsimile or Electronic Signatures.** A facsimile or electronic signature on this Assignment Agreement shall have the same force and effect and be as legally binding as an original signature.

11. **Further Assurances.** The Parties shall fully cooperate and execute and deliver any other documents or filings, and do such other acts and things, as may be reasonably necessary or desirable to effectuate the terms, provisions and purposes of this Agreement.

IN WITNESS WHEREOF, CPA 18 INTEGRAS GH INVESTOR LIMITED and ACE AMERICAN INSURANCE COMPANY have executed this Assignment Agreement as of the date first above written.

Dated: October 11, 2019

**CPA 18 INTEGRAS GH INVESTOR LIMITED**

By: _____
Name: Ramses Van Toor
Title:  "A" Director

Signed before me
this 11 day of October 2019

_____
Name of Witness:
S.F.K. Winkes,
Legal Counsel

Dated: October 15, 2019

ACE AMERICAN INSURANCE COMPANY

By: _____
Title:  VICE PRESIDENT
Print Name:  TOBY VASS

Signed before me
this 15 day of October, 2019

_____
Name of Witness: Brennan Elio

5